The Honorable Paul Miller State Senator Post Office Box 488 Melbourne, AR 72556-0488
Dear Senator Miller:
I am writing in response to your request for my opinion on the following questions:
 1. May a person who served as a mayor of a city of the first class retire and receive retirement benefits and then subsequently run again for mayor, be elected and still receive his or her retirement benefit?
 2. Could such a retired person elect to run as an alderman, be elected, and receive a retirement benefit? If not, what could he or she receive?
RESPONSE
The answer to these questions may depend upon the particular retirement system involved. Because I lack this information, I am unable to offer a conclusive opinion. I can, however, discuss the potentially applicable law in order to provide a general framework for evaluating the specific circumstances at issue.
As an initial matter, the general rule appears to be that retirees may return to employment and continue to receive their retirement benefits, as long as it is understood that they cannot rejoin their retirement systems. See Op. Att'y Gen. 98-162.[1] When addressing a particular retirement system, therefore, the question focuses on whether there has been any modification of this general rule.
In this regard, if the individual about whom you have inquired is a member of a local pension plan made available to "paid nonuniformed employees" by the provisions of A.C.A. § 24-12-101 et seq., it appears that the general rule applies. That is, the mayor in that instance could retire and begin receiving benefits and then be reelected as mayor or be elected as alderman and continue to receive his or her retirement benefit. This conclusion follows, in my opinion, from the fact that nothing in the statutory scheme or in any other law precludes the individual in that case from continuing to draw retirement benefits for his or her previous service while serving as mayor-elect or alderman-elect. Accord Op. Att'y Gen. Nos. 2002-144 and 98-162. As noted above, however, the individual would not continue to accrue service credit during the new service.
If, however, this involves retirement under the Arkansas Public Employees' Retirement System ("APERS"), consideration must be given to A.C.A. § 24-4-520, as recently amended by Act 652 of 2005.[2] This provision is concerned with the subject of the termination of employment and limitations on returning to employment after termination of employment. It provides in relevant part as follows:
 (a) Except as provided in subsection (c) of this section, a member of the Arkansas Public Employees' Retirement System must terminate covered employment to be eligible for retirement.
 (b) A member shall not be terminated from employment for retirement purposes if the person:
 (1) Returns to employment in a position covered under the system within thirty (30) days of the person's effective date of retirement; or
 (2) Is a member with service credit under § 24-4-521 at a rate of two (2) or more years of credited service for each year of actual service and the person returns to employment in a position covered under the system within ninety (90) days of the person's effective date of retirement.
 (c) (1) An elected public may retire and begin receiving retirement benefits if the elected public official is a member:
 (A) Whose current service in public office in one form of government is covered by § 24-4-521 (b) (5); and
 (B) Who is elected to public office in a different form of government and will begin serving in that public office immediately after the expiration of his or her term of public office described in subdivision (c) (1) (A) of this section.
Acts 2005, No. 652, § 1 (emphasis added).[3]
As reflected by the language emphasized above, the general rule under APERS is that there must be a break in service before a retiree who is receiving benefits under APERS may assume another elected office. Persons failing to meet the termination requirement forfeit their benefits until the requirement is met. A.C.A. § 24-4-521 (d) (Acts 2005, No. 652, § 2).
Subsection (c) was added by Act 652 to remove the break-in-service requirement with respect to officials who are elected to and who immediately begin serving in an office "in a different form of government." The term "form of government" is defined as "city government, county government, or state government." A.C.A. § 24-4-521
(c) (3) (Acts 2005, No. 652, § 2). Act 652's purpose in this regard is reflected in the Emergency Clause wherein it states:
 It is found and determined by the General Assembly of the State of Arkansas that there are elected public officials that are eligible for retirement from that office but run for public office in another form of government; that once a retiree begins receiving retirement benefits, current law requires a break in service before assuming another elected office; and that this act will allow an elected public official in one form of government to retire and to begin service as an elected official in another form of government without a break in service.
Id. at § 3.
This new provision would not appear to be applicable under the scenarios posed in your questions which are premised upon the individual's reelection as mayor or election as alderman. Because neither scenario involves election to office in a "different form of government," according to Act 652, the break in service requirement will apply to the mayor, if he or she is a member of APERS as discussed above.
It is apparent from this discussion that the specifically applicable statutory retirement provisions are crucial to any analysis of this type of question. Although I am consequently unable to offer a definitive response to your questions, the foregoing will hopefully be of assistance in addressing the particular circumstances at issue.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] The act of rejoining a retirement system after retirement is widely regarded in most retirement systems as impermissible unless expressly authorized by statute. See Op. Att'y Gen. 98-303. As noted by one of my predecessors, "[t]he rationale behind the legislature's declining to make such a provision is clear: To allow a retiree to draw benefits while earning further credited service upon which to calculate further benefits would, in essence, amount to `double-dipping and would create an unwarranted burden on the retirement system." Op. Att'y Gen. 98-303. The Arkansas General Assembly apparently has authorized rejoining after retirement in only one retirement system — local fire pension funds. See
A.C.A. § 24-11-827. (It should be noted that under that statute, the retiree's benefits cease during the period of re-employment.) Accordingly, the retired mayor under your questions would not be permitted to rejoin the retirement system and earn further years of credited service while drawing retirement benefits. Accord Op. Att'y Gen. Nos. 98-162; 96-303; 96-212.
[2] A city may elect to become a "participating public employer" and cover its employees under APERS. A.C.A. § 24-4-303 (Supp. 2003). A mayor who is serving in a city of the first class that participates in APERS becomes a participating employee in APERS upon taking office. Id. at subsection (a)(1)(B). The mayor may, however, opt to participate in the local plan as provided under A.C.A. § 24-12-123 by giving written notice within 90 days after taking office. A.C.A. § 24-4-303(a)(1)(C).
[3] This act, which contained an emergency clause, became effective March 9, 2005.